SAUNDERS et al., Commissioners &c. v. SMITH, Administratrix.

Under the statutes of 14 and 26 March, 1842, and 5 April, 1843, providing for the liquidation of

banking companies, a debtor to a bank was entitled to give in payment the obligations of the bank, without reference to the date at which he acquired them.

APPEAL from the District Court of East Feliciana, *Stirling*, J. *Ellis*, for the appellants. *Merrick* and *Roselius*, for the defendant. The judgment of the court *(King*, J. absent,) was pronounced by

EUSTIS. C. J. This suit is brought on a stock note subscribed by *Caswell Smith*, in favor of the cashier of the Clinton and Port Hudson Railroad Company, in February, 1840, payable eighteen months after date. Previous to the institution of this suit the defendant had tendered in payment, by way of compensation, a bond of said company, which was then due, and ten per cent in gold and silver, which was received by the commissioners, but the bond was refused. The amount received was credited on the note. The district judge decreed the compensation to have taken place as pleaded in the defendant's answer, and gave judgment, and the liquidator, who succeeded the plaintiffs in office, has appealed.

The legislature having, by its acts of 1842 and 1843, provided for the liquidation of the banking corporations of the State, whose charters had been forfeited, though no forfeiture had been judicially decreed, established certain rules upon which the commissioners should proceed in effecting the liquidation. One was, that the debtors to a bank might give in payment the obligations of such bank, without reference to the date at which the debtor may have acquired the same. We concur with the late Supreme Court in the opinion that, the rules established under those acts were obligatory upon the officers appointed under them. 6 Rob., 398.

The commissioners for liquidating the affairs of those banks have acted uniformly in conformity with this rule. The subject is one of great difficulty, but we have been able to come to no other conclusion than that the judgment of the District Court is correct. *The Bank of Maryland* v. *Ruff*, 7 Gill & Johnson, 465. *Judgment affirmed.*